E. A. McCLESKY ET AL. V. THE STATE OF TEXAS, EX REL.
M. G. COTTRELL.

No. 1415.

1. Incorporation of Town Embracing Rural Territory.—The incorporation of a town under Sayles' Civil Statutes, articles 340a, 506–516, will be held valid, although a reasonable amount of land not in actual occupation be included; but if the excess be such as to evidence an attempted fraud on the law, and territory be embraced that can not be fairly termed a part of the town, it will have the effect to entirely invalidate the attempted incorporation.

2. Same—Res Adjudicata—Identity of Parties.—The State, on the relation of certain citizens of the town of P., brought suit against the officers of the town, as defendants, to annul the incorporation of the town; but the parties having filed a written request that the information be withdrawn, and that the defendants be authorized to take judgment, the court thereupon entered judgment that the plaintiff take nothing by the suit, and that the defendants and their successors in office go hence without restraint upon their rights to act as officers of said town under the proceedings had to incorporate the same, etc. Afterwards the State, upon the relation of other citizens of the town, again brought suit to annul the incorporation against the then officers of the town, successors of those who were the defendants in the former suit. Held, that the State was the real party plaintiff, and the town the real party defendant, in both suits, and that the court erred in excluding evidence offered under the plea of res adjudicata to show that the subject matter was the same in both suits.

APPEAL from Wichita. Tried below before Hon. GEORGE E. MILLER..

L. C. Barrett, for appellants.—1. A municipal incorporation, under the laws of this State, should not be held invalid because sufficient agricultural or grazing land had been included within its corporate limits so as to conveniently include all the houses near each other, and permit such expansion as might be reasonably expected within the near future. Rev. Stats., art. 508; The State v. Town of Baird, 79 Texas, 63.

2. Defendants in this cause plead a former judgment based on the same cause of action, as res adjudicata and in bar of this suit, setting out, in full a copy of the petition and relation, answer and judgment, and made all the necessary averments to show a former judgment on this cause of action herein sued on, in favor of these defendants and against the plaintiff in this action. Nichols v. Dibrell, 61 Texas, 539; Henry v. Sansom, 2 Texas Civ. App., 150; McGrady v. Monks, 1 Texas Civ. App., 611; Black on Judg., 59, 705, 514, 706; Freem. on Judg., 179, 174–176, 77, 178, 157, 162, 163; Foust v. City. of Huntington, 15 N. E. Rep., 337; Wright v. Allen, 2 Texas, 158; Wells on Res Adjudicata, 17, 19, 20, 136; Bige. on Estop., 276; Castle v. Noys, 14 N. Y., 329.

John J. Ofiel, for appellee, cited on the points at issue, Phillipowski v. Spencer, 63 Texas, 604; Foster v. Wells, 4 Texas, 101; Ewing v. The

State, 81 Texas, 172; Pillow v. Eliot, 25 Texas Supp., 322; Easton v. Bratton, 13 Texas, 30.

HEAD, Associate Justice.—This suit was instituted by the district attorney of the Thirtieth Judicial District, in the name of the State of Texas, upon the relation of M. G. Cottrell, against the mayor, marshal, and aldermen of the town of Iowa Park, to annul the attempted incorporation of said town, upon the ground that a large amount of territory had been improperly included therein.

It is no longer an open question, that the statute (1 Sayles' Civil Statutes, articles 340a, and 506–515) under which it was attempted to incorporate this town, authorized only the incorporation of the town proper; and that an attempt to include an unreasonable amount of vacant land will have the effect to annul the attempted incorporation, not only as to that part improperly included, but also as to the real town. The State v. Eidson, 76 Texas, 303; The State v. Town of Baird, 79 Texas, 63; Ewing v. The State, 81 Texas, 172; Mathews y. The State, 82 Texas, 577.

As an original question, the writer inclines to think it would have more nearly comported with the purpose of the statute, in this class of cases, to have held the incorporation invalid only as to the land improperly included, unless it could be shown that the votes thus obtained would have changed the result of the election as to the remainder. In this way a number of complicated questions could have been avoided which may arise as to the validity of debts undertaken to be created between the time of the attempted incorporation and the institution of the quo warranto proceedings to test its validity. The Supreme Court has, however, too firmly established the construction above indicated for us now to undertake to disturb it.

The finding of the jury, supported as it is by sufficient evidence, would establish the invalidity of the attempted incorporation of the town of Iowa Park by reason of there being included within its boundaries an unnecessary amount of vacant land that can not properly be called a part of said town; but on the trial respondents offered in evidence, to sustain their plea of res adjudicata, a judgment which had previously been rendered by the District Court of Wichita County, together with the information and answer in said cause, as follows:

"*The State of Texas v. H. C. Fuller et al.*—No. 417.—October 27, 1891.—This day came on to be heard the above entitled cause, when came the plaintiff by attorney, and the defendants also appeared by attorney, and announced ready for trial, when the following agreement in writing was submitted to the court:

" *The State of Texas, ex rel., v. H. C. Fuller et al.*—To the district attorney, J. J. Ofiel, and attorneys for relators, Carrigan & Hughes and J.

P. Boyd: We, the undersigned relators in the above named suit, hereby authorize and request you to withdraw our information in said cause, and authorize the defendants to take judgment, as we are satisfied with the present existing corporation of which defendants are officers, and have no desire to prosecute said suit.

"A. C. BRAGG,
" R. R. MARTIN,
"A. D. LIGHTSEY,
" E. G. VICK,
" Relators in the above named suit.

"And the court having inspected the same, and the district attorney, representing the State of Texas, raising no objection thereto, proceeds to render judgment in accordance therewith. It is therefore ordered, adjudged, and decreed by the court, that the relief sought by plaintiff in this suit, to-wit, a dissolution of the incorporation of the town of Iowa Park, Texas, be and is hereby refused, and that said plaintiff take nothing by this suit. It is further ordered, that the defendants, H. C. Fuller, mayor; M. G. Cottrell, marshal; and R. S. Simons, C. W. Orr, W. Gibson, George Ligon, and E. A. McClesky, as aldermen, of said town of Iowa Park, Texas, and their successors in office, go hence without restraint on their rights to act as officers of said town under the proceedings had to incorporate the same; and that they and their successors are hereby decreed to be legally in possession of said offices under the election and other proceedings for incorporation complained of in plaintiff's information. It is further adjudged and decreed by the court, that the costs of this court be taxed against defendants, and that the officers of court have their execution."

An inspection of the information upon which the judgment was rendered, and which was offered in connection with it, discloses that the subject matter of the litigation and the relief sought by the State in that case were the same as in this, the only difference being in the names of the relators and respondents, the relator Cottrell in this case being one of the respondents in that, and the defendant McClesky being a respondent in both, but in different capacities, there having been an election since the first judgment, by which he was promoted from alderman to mayor. When these proceedings were offered in evidence by respondents, the bill of exceptions says the court sustained plaintiff's objection thereto, " on the ground that said judgment in said cause number 417 was void;" but the particular ground upon which it was held invalid is not disclosed. We infer, however, from appellants' brief, that it was upon the ground that the district attorney had no power to make the agreement upon which it was based.

It is not necessary for us to decide whether the representative of the State in a suit of this kind has power to bind it by such an agreement as

this or not. Rev. Stats., art. 261. It is not denied that the court which rendered this judgment had jurisdiction of the subject matter of the litigation, and the power to render such a decree, and in such case its judgment would not be subject to collateral attack, even though the agreement upon which it was based would not be binding upon the parties if directly called in question. Gunter v. Fox, 51 Texas, 383; Hollis v. Dashiell, 52 Texas, 187.

We are also of opinion, that the parties to both proceedings are in legal contemplation the same. The State was the complaining party in both, although her relators were different. In Mathews v. The State, 82 Texas, 577, it is well said, that these prosecutions are under the exclusive control of the State's attorney, and not the relators; and the conclusion announced in Hunnicutt v. The State, 75 Texas, 233, to the effect that the State's officer might file the information without any relator at all, is approved. In fact, that proceedings by quo warranto to dissolve municipal corporations are in contemplation of law instituted for the benefit of the public, and the State is therefore the real prosecutor, would seem to be elementary. 19 Am. and Eng. Encycl. of Law, 675, 676.

Respondents then proposed to show that the State, in a proceeding instituted by her, had been, by one of her own courts to which she had confided the jurisdiction to determine such questions, adjudged not to be entitled to the relief sought by her in this case; and if the party with whom she was litigating in both cases be the same in law, it would seem that the first judgment should have been held to be conclusive. 19 Am. and Eng. Encycl. of Law, 684; High on Ex. Leg. Rem., 746. Then, were the respondents in both cases in legal contemplation the same? We think this question must be answered in the affirmative. The parties really interested on the side of the respondents were the inhabitants of the territory sought to be incorporated as the town of Iowa Park, and as they were too numerous to be joined by name, the State in both suits selected the men they had chosen as their officers as fairly representing the interests of all, and in this suit claims the right to annul the proceedings taken to incorporate as to those who are not parties by name as well as to those who are; and under these circumstances we think she is in no position to deny the right of the parties she has made to effectually litigate the matters in controversy, and should be held bound by a decree in their favor to the same extent they would be bound by a decree in her favor. We think these conclusions fairly deducible from the following authorities and the cases referred to therein: Ewing v. The State, 81 Texas, 172; 1 Freem. on Judg., 178, 170, 157.

That the trial in the first suit was upon the merits, and embraced the whole subject matter of this litigation in the sense of rendering the decree an effective adjudication, as distinguished from a dismissal upon formal grounds, we entertain no doubt. See authorities supra.

If this suit was being prosecuted for the benefit of the relator individually, it is probable that he would be estopped by reason of the facts alleged in respondents' answer; but as the State is the real party at interest, and as she would have the right to file the information without any relation at all, we think she could not be concluded because her relator might be, were it his suit. Mathews v. The State, and 19 Am. and Eng. Encycl. of Law, 675, supra.

We can not hold the charge of the court subject to the objections urged to it by appellant. Under the decisions of our Supreme Court, we understand the correct rule to be, that the incorporation will be held valid although a reasonable amount of land not in actual occupation be included; but if the excess be such as in effect to evidence an attempted fraud upon the law, and territory be embraced that can not be fairly termed a part of the town, it will be annulled. The charge of the court was perhaps a little too restricted in conveying this idea to the jury, yet we are not prepared to say there is such error therein as should require a reversal.

What we have said sufficiently disposes of the other assignments. For the error in excluding the evidence offered to sustain the plea of res adjudicata, the judgment of the court below must be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 11, 1893.