L. TROUTMAN ET AL. v. E. A. McCLESKY ET AL.

No. 1216.

Municipal Corporation—Validity—Quo Warranto, Not Injunction.—An injuction will not lie in favor of a taxpayer to enjoin the officers of a municipal corporation from collecting taxes, on the ground of invalidity of the existing corporation; such issue being determinable alone by quo warranto proceedings.

APPEAL from Wichita. Tried below before Hon. G. E. MILLER.

*Boyd & Ofiel*, for appellants.—Quo warranto is a statutory remedy by which to determine whether a corporation exists or not under the forms of law which are supposed to give it life and existence. Injunction is an equitable remedy, either provisional or temporary; in this case temporary, to preserve the property of persons until their rights can be fully determined. Rev. Stats., art. 4098; The State v. Smith, 55 Texas, 447; Brennan v. Bradshaw, 53 Texas, 330; Davis v. Burnett, 77 Texas, 3; Ewing v. The State, 81 Texas, 172; Philipowski v. Spencer, 63 Texas, 604; Foster v. Wells, 4 Texas, 101.

*L. C. Barrett*, for appellees.—The validity of a corporation can not be attacked in a collateral proceeding, if the corporation is acting under color of law; and a pending quo warranto proceeding can not, in a different suit, be made the basis for restraining its officers from performing their official duties within the scope of their authority. The State v. Smith, 55 Texas, 447; Brennan v. City of Weatherford, 53 Texas, 330.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by appellants, as taxpayers of Iowa Park, to enjoin the collection of taxes assessed by said town against them.

The validity of this tax levy was denied, on the ground that, in the incorporation of the town, a large area of rural territory had been improperly included within the corporate limits. The petition for injunction alleged the pendency of a quo warranto proceeding to determine the validity of this incorporation, and contained the further allegation of insolvency, both of the town and its officers.

To the judgment dissolving, on final hearing, the preliminary injunction, from which this appeal is prosecuted, three errors are assigned. Of these, the first only is so assigned as to require consideration, reading: "The court erred in sustaining the motion to dissolve the injunction, because the petition showed that a quo warranto proceeding was pending against the incorporation of the town of Iowa Park, Texas, and that the same was insolvent, as well as its officers who were acting under the pretended charter."

It is well settled that a court of equity will not enjoin, at the instance of the taxpayer, the officers of a municipal government from the collection of taxes, on the ground of the invalidity of the existing corporation. Such an issue is determinable alone by quo warranto proceedings. Brennan v. City of Weatherford, 53 Texas, 330.

Until the State by such proceeding puts an end to the local government, the citizen must yield obedience to its power. The mere pendency of the quo warranto proceeding, which the State might at any time abandon, could afford no ground for equitable relief. Besides, in the case at bar it was alleged and proven on the part of appellees that

the pending quo warranto proceedings must fail, on the ground that the issues had already been determined in a former proceeding between the same parties, in favor of the validity of the corporation. Mc-Clesky v. The State, 4 Texas Civ. App., 322.

We conclude that the judgment should be affirmed.

*Affirmed.*

Delivered June 6, 1894.