**STATE of Texas ex rel. CITY OF COLLEYVILLE, Appellant,**

v.

**CITY OF HURST, Appellee.**

No. 17573.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 31, 1975.

Rehearing Denied March 7, 1975.

Tim Curry, Dist. Atty., Fort Worth, and Wilbur T. Knape, Bedford, for appellant.

George A. Staples, Jr., City Atty., Hurst, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from a quo warranto action brought in the 141st District Court by the State of Texas by and through the District Attorney of Tarrant County, Texas, on the relation of the City of Colleyville, against the City of Hurst, challenging the validity of the Home Rule Charter of Hurst on several grounds including the allegation that Hurst did not have the requisite 5,000 population at the time it adopted its Home Rule Charter. The State also attacks a judgment in a suit between the State of Texas, ex rel. Braswell, and Hurst, rendered May 30, 1959, in the 17th District Court adjudging the Home Rule Charter of Hurst to be valid.

At the time the instant suit was filed there was also pending in the 17th District Court a suit against the cities of Hurst, North Richland Hills, Fort Worth, Keller, Colleyville and Bedford, seeking judicial apportionment under Article 970a, Vernon's Ann.Texas Civ.St. The State of Texas intervened in this suit in a quo warranto proceeding challenging the validity of the Charter of Hurst and the validity of the judgment described above.

Two separate appeals were perfected to this Court bearing this Court's Nos. 17434 and 17435. While these cases were pending, the State filed the instant suit in the 141st District Court against Hurst. The pleadings of the State in each of the suits are identical. The State and Hurst are parties to each suit.

A subsequent appeal after remand of the cases docketed as No. 17434 and No. 17435 is now pending in this Court and is docketed as No. 17593, not yet submitted. (See City of Hurst v. City of Colleyville, 501 S.W.2d 140, Fort Worth Civ.App., 1973, writ ref., n. r. e.).

In the instant case Hurst pleaded that the final judgment in Texas, ex rel. Braswell v. Hurst, adjudicated the Home Rule Charter of Hurst to be valid and is res judicata in this subsequent collateral attack. Hurst further pleaded that its Charter is not subject to challenge because its validity was established as a result of the effect of validating statutes, Articles 974d–6, 974d–7, 974d–8, 974d–9, 974d–10, 974d–11, 974d–13, V.A.T.S.

The trial court sustained the plea in abatement filed by the City of Hurst and dismissed the cause.

This appeal is from that judgment predicated on six points of error. The first five are variations of the claim that the charter and judgment are void and that res judicata does not apply. The sixth point is predicated on the point that Hurst failed to prove its allegations contained in its plea in abatement and res judicata. The first five points will be considered together.

The State contends that neither the doctrine of res judicata nor the pendency of another suit applies, because although the State is the plaintiff or intervenor in each suit there are different relators. The State's contention is that the State is only a nominal party and the relators are the real parties in interest. If the contention of the State is extended to its logical conclusion, it would mean that the State could relitigate forever the validity of the judg-

ment and charter above described, provided a different relator was added as plaintiff in each successive suit filed by the State.

■ Quo warranto is an ancient prerogative writ in the nature of a writ of right for the king against a person who claimed or usurped any office, franchise, or liberty, to inquire by what authority he supported his claim, in order to determine the right. 47 Tex.Jur.2d 563, Sec. 1.

■ In view of Article 6253, V.A.T.S., and Texas Constitution, Art. 4, Sec. 22, and Art. 5, Sec. 21, Vernon's Ann.St., a quo warranto proceeding may be instituted by the attorney general, or by a district or county attorney of the proper district or county, in the name of the State. No other person may lawfully be authorized to bring such an action without one of the officers named.

■ The State is the real plaintiff and controls the litigation even though the action may be at the behest of and affect the rights of private parties. In a very similar case, an attack was made on the incorporation of the City of Iowa Park by the State of Texas on the relation of a group of citizens. This was brought as a quo warranto action, but was dismissed upon motion of the relators. Later, a different relator secured joinder of the district attorney and brought another quo warranto attack against the incorporation of Iowa Park. Res judicata was urged on behalf of the town. The Court noted that the real prosecutor of such actions in both cases was the State of Texas and that, as such, the State is bound by res judicata despite the fact that the relators were different. McCleskey v. State, 4 Tex.Civ.App. 322, 23 S.W. 518 (1893, no writ hist.); Troutman v. McCleskey, 7 Tex.Civ.App. 561, 27 S.W. 173 (1894, no writ hist.).

This principle has been established generally in the other jurisdictions of this country. 20 A.L.R. 1133; 64 A.L.R. 1262.

The legal principle applicable here is well stated in the case of City of Wichita

Falls v. State ex rel. Vogtsberger, 509 S. W.2d 661 (Fort Worth Civ.App., 1974, no writ hist.): ". . . the real plaintiff is the State of Texas. The primary purpose of a quo warranto action is to protect the interests of the public and not to enforce private rights. Town of De Kalb v. State, 71 S.W.2d 299 (Waco, Tex.Civ.App., 1934, no writ hist.); Staples v. State, 112 Tex. 61, 245 S.W. 639 (1922); and 47 Tex.Jur.2d 580–581, Quo Warranto, Sec. 15."

■ The State and its subdivisions are bound by res judicata in precisely the same manner as private individuals. Security Trust Co. of Austin v. Lipscomb County, 142 Tex. 572, 180 S.W.2d 151, 159 (1944).

■ The rationale for ending litigation in cases involving the State is the same as that for res judicata in all other cases. There must be an effective end to litigation at some point in time. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 145 S.W.2d 569 (1940); Trigg v. Whittenburg, 129 S. W.2d 472 (Amarillo Civ.App., 1939, err. ref.); Railroad Commission v. Arkansas Fuel Oil Co., 148 S.W.2d 895 (Austin Civ. App., 1941, err. ref.).

■ The rule of res judicata in Texas has broad application. It bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which actually were tried. Abbott Laboratories v. Gravis, 470 S.W.2d 639 (Tex.Sup., 1971); Ogletree v. Crates, 363 S.W.2d 431 (Tex.Sup., 1963).

■ The State further contends the court did not have jurisdiction to declare Hurst's charter valid. The courts do have jurisdiction to declare a city charter valid. State v. City of La Porte, 386 S.W.2d 782 (Tex.Sup., 1965).

■ The State further contends that the Braswell v. Hurst judgment is void because it is an advisory opinion. An examination of that judgment and the extensive litigation between the State, Colleyville, Hurst, and the adjoining cities since then involving this same subject matter refutes the argument. There certainly was a justiciable controversy existing. The Braswell judgment is a valid and final judgment.

■ The State next contends that the Braswell judgment is an agreed judgment and therefore contractual and void. It is well established that an agreed judgment is as binding as any other judgment. Burguieres v. Farrell, 85 S.W.2d 952 (Fort Worth Civ.App., 1935, err. dism. at 126 Tex. 209, 87 S.W.2d 463, 1935); Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956); Pollard v. Steffens, 161 Tex. 594, 343 S.W.2d 234 (1961).

By its sixth point the State contends that Hurst failed to prove the allegations contained in its plea in abatement.

■ The mere averment of facts, set up in the plea in abatement, not supported by proof is insufficient unless the truth of the matters alleged appears from the plaintiff's petition. 1 Tex.Jur.2d 104, Sec. 94; Wilburn v. Missouri-Kansas-Texas R. Co. of Texas, 268 S.W.2d 726 (Dallas Civ. App., 1954, no writ hist.).

■ However, in addition to facts admitted in plaintiff's petition, when a cause is appealed to an appellate court, that court may notice judicially not only the record in the original suit, but also the appellate court's own records in the cause. Thus, the court may note judicially the fact that a prior appeal in the cause has been taken to the court; the record, opinion, and judgment on the prior appeal; and the date on which the former appeal was decided. This rule applies also to subsequent appeals. Furthermore, the court may notice judicially the record and judgment in a connected or related case. 23 Tex.Jur.2d 50, "Evidence," Sec. 29, "Proceedings before appellate courts." See also Morris v. Smiley, 378 S.W.2d 149 (Austin Civ.App., 1964, ref., n. r. e.).

We judicially notice that the cause of action pending in the 17th District Court was filed prior to the instant case.

In the instant case the State attached to its petition and incorporated therein by reference a judgment in Cause 4436–C, styled State of Texas, on the Relation of W. C. Braswell v. City of Hurst, filed in the 17th District Court dated May 30, 1959. This judgment, from which no appeal was taken and which became final, provided in part as follows:

"H. That all procedural prerequisites of law have been met by the City of Hurst, Texas to become a Home Rule City under the laws of the State of Texas and that the City of Hurst is now and has been a Home Rule City since the 29th day of December 1956.

"IT IS ACCORDINGLY ORDERED, ADJUDGED and DECREED that the Home Rule Charter of the City of Hurst, Texas be and is hereby approved and that the City of Hurst be considered a Home Rule City since the 29th day of December 1956, . . . ."

The State was a party to the cases of City of Hurst v. City of Colleyville et al. (No. 17434) and City of Colleyville et al. v. City of Hurst et al. (No. 17435) which were consolidated on appeal and are reported at 501 S.W.2d 140 (Fort Worth Civ.App., 1973, ref., n. r. e.). That opinion, in part, reads as follows:

"On this Hurst insists that the judgment referred to was interlocutory and not final, and that the final judgment in the case specifically declared that Hurst was a validly existing Home Rule City. In any event, and we agree, Hurst points out that since its incorporation as a Home Rule City was in 1956, subsequent Legislative Acts (1174a–4, 1174a–5, 1174a–6, and 1174a–8) have validated its status and incorporation, and that this cured any defects in the original proceedings to make it such. Further, and we agree, that Colleyville's contention amounts to a collateral attack upon matter which could only be raised in a quo warranto proceeding. 39 Tex.Jur.2d, p. 408, 'Municipal Corporations', Sec. 58, 'Challenging corporate existence—Collateral attack'."

This Court once again sustains the contention of Hurst that its Charter is valid because of the effect of the validating statutes referred to above.

The four transcripts and briefs in the above cases reflect that the State and Hurst were parties to each of these suits and in each of them the State was bringing quo warranto proceedings against Hurst involving the same claim as in the instant case. The transcripts reflect that the instant case was filed at a time when other cases were pending in another court.

It is the policy of the courts to avoid vexatious litigation and a multiplicity of suits. This policy of the law is well expressed in the case of Wheelis v. Wheelis, 226 S.W.2d 224 (Fort Worth Civ.App., 1950, no writ hist.) in which the court stated that the trial court should have sustained the pleas and declined to exercise further jurisdiction and dismiss the cause then pending. The court further held that it is within the discretion of the trial court as a court of equity to either dismiss the suit or to suspend the proceedings.

We have severally considered each of the points brought before us and we overrule each of them.

The judgment is affirmed.