Mike KAY, Appellant,

v.

Sherry K. SANDLER, Appellee.

No. B14–86–095–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 9, 1986.

Rehearing Denied Nov. 6, 1986.

Al Schulman, J. Edwin Smith, Houston, for appellant.

Douglas K. Womack, Leo A. Kissner, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

This appeal arises from a partial summary judgment granted in a will contest which admitted into probate the written will offered by appellee and which effectively denied probate of the alleged nuncupative will offered by appellant. In six points of error, appellant maintains that (1) fact issues exist as to whether the nuncupative will offered for probate met the requirements of Tex.Prob.Code Ann. § 65 (Vernon 1980) and thus was a valid nuncupative will and (2) a nuncupative will can operate to revoke a prior written will under the requirements of Tex.Prob.Code Ann. § 63 (Vernon 1980). We affirm because, as a matter of law, the nuncupative will offered by appellant failed to meet the requisites of Tex.Prob.Code Ann. § 65 (Vernon 1980).

After the testator's death on October 3, 1984, an application was filed with the Fort Bend County Court at Law requesting that the testator's written will, dated February 9, 1983 be admitted to probate. A preliminary inventory and list of claims approved by the court below indicated that the estate's value was in excess of $18,000. A contest of the will was filed shortly thereafter by appellant and other contestants which maintained that the February 9, 1983 will had been revoked by a subsequent, nuncupative will declared by the testator on September 21, 1984. The court below granted appellee's motion for summary judgment, and ordered that the February 9, 1983 will be admitted to probate and that the contestants take nothing by reason of their contest. One of the contestants, Mike Kay, filed this appeal.

■ Before addressing this appeal on its merits, we will first speak to appellee's motion to dismiss for want of jurisdiction which was taken with the case. Appellee maintains that the partial summary judgment granted by the trial court is interlocutory and therefore not appealable because it does not dispose of all parties and/or issues before the trial court. The controlling rule provides that all final orders of probate courts may be appealed to the courts of appeals. Tex.Prob.Code Ann. § 5(e) (Vernon 1980). An appeal is authorized in a probate matter if brought from a judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. *White v. Pope,* 664 S.W.2d 105, 107 (Tex.App.—Corpus Christi 1983, no writ).

■ The relief requested by appellant in his First Amended Contest of the Application to Probate the Alleged Will of Deceased Dated February 9, 1983 was (1) that the February 9, 1983 will be denied probate; (2) that the nuncupative will offered by the contestants be admitted to probate; and (3) that the court appoint a temporary administrator of the will pending the contest. The partial summary judgment rendered by the court below admitted into probate the February 9th will and effectively denied probate to the nuncupative will offered by the contestants. Although the record before us does not indicate the resolution of the temporary administrator issue, we take judicial notice of our judgment rendered in *Kay v. Sandler,* 704 S.W.2d 430 (Tex.App.—Houston [14th

Dist.] 1985, writ ref'd n.r.e.) and observe that the issue of appointment of a temporary administrator has also been resolved. *State ex rel. City of Colleyville v. City of Hurst*, 519 S.W.2d 698, 701 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). Because all issues in the will contest brought by the contestants have been finally resolved by the court below, the judgment, which is the basis of this appeal, is a final, appealable judgment. *White*, 664 S.W.2d at 107; Tex.Prob.Code Ann. § 5(e) (Vernon 1980). Appellee's motion to dismiss appeal for want of jurisdiction is overruled.

In points of error one, two, four, five and six, appellant argues that the granting of appellee's motion for summary judgment was error because fact issues were presented concerning whether the testator declared his oral will before three credible witnesses and whether he was in his last sickness at the time he made the alleged nuncupative will. Appellant also states that the alleged nuncupative will was made at the testator's home. Whether he is advancing this argument as raising a fact issue or as being settled as a matter of law is unclear from reading his brief; it is, however, unnecessary for disposition of this appeal to decide which argument he is making. We affirm the summary judgment because the nuncupative will offered for probate by appellant fails, as a matter of law, to meet all requirements of Tex. Prob.Code Ann. § 65 (Vernon 1980).

A summary judgment will withstand scrutiny on appeal only if the movant establishes the absence of any genuine issue of fact. *Wesson v. Jefferson Savings & Loan Association*, 641 S.W.2d 903, 904–905 (Tex.1982); *Coffman v. Woods*, 696 S.W.2d 386, 387 (Tex.App.—Houston [14th Dist.] 1985, no writ). The alleged nuncupative will offered by appellant must meet every requirement of Tex.Prob.Code Ann. § 65 (Vernon 1980) in order to be established as a valid will. If, as a matter of law, any one element is lacking, the summary judgment for appellee is proper.

Texas Probate Code Annotated § 65 (Vernon 1980) provides:

No nuncupative will shall be established unless it be made in the time of the last sickness of the deceased, at his home or where he has resided for ten days or more next preceding the date of such will, except when the deceased is taken sick away from home and dies before he returns to such home; nor when the value exceeds Thirty Dollars, unless it be proved by three credible witnesses that the testator called on a person to take notice or bear testimony that such is his will, or words of like import.

Texas Probate Code Annotated § 86 (Vernon 1980) outlines the elements of proof necessary to establish a nuncupative will. It provides:

(a) Notice and Proof of Nuncupative Will. No nuncupative will shall be proved within fourteen days after the death of the testator, or until those who would have been entitled by inheritance, had there been no will, have been summoned to contest the same, if they desire to do so.

(b) Testimony Pertaining to Nuncupative Wills. After six months have elapsed from the time of speaking the alleged testamentary words, no testimony shall be received to prove a nuncupative will, unless the testimony or the substance thereof shall have been committed to writing within six days after making the will.

(c) When Value of Estate Exceeds Thirty Dollars. When the value of the estate exceeds Thirty Dollars, a nuncupative will must be proved by three credible witnesses that the testator called on a person to take notice or bear testimony that such is his will, or words of like import.

The appellate record reveals that the testator, Jack Kay (Kay) had a history of coronary artery disease and diabetes mellitus. His doctor stated that Kay had recurrent left ventricular heart disease from September 3, 1984 to October 3, 1984, the date of his death. The cause of his death was diagnosed as coronary artery disease with left ventricular failure and cardiac

arrest. He was hospitalized from September 4, 1984 to September 7, 1984, from September 10, 1984 to September 12 or 13, 1984, and again, from September 19, 1984 through September 25, 1984. During this last hospital stay, Kay indicated the desire to change his will. His friend, Ms. Shirley Macow, called Mr. Engelhardt, Kay's attorney, at Kay's request. Engelhardt visited Kay in the hospital on September 21, 1984. During this visit, Kay told Engelhardt the terms of his new will. In his deposition, Engelhardt stated that during his conference with Kay concerning the will, no other persons were present. Engelhardt also stated that Kay never declared that he, Kay, was making his oral will. The conference ended with Engelhardt promising to draft the new will for Kay's review in a few days. On October 3, when Engelhardt arrived at Kay's office with the will, he learned that Kay had had a heart attack in his office and was unconscious. Kay died later that day without ever regaining consciousness. The will drafted by Engelhardt was never signed.

■ The alleged nuncupative will which appellant seeks to have probated is the will draft prepared by Engelhardt. Because Kay's estate exceeded thirty dollars in value, appellant offered as the requisite "three credible witnesses" Engelhardt, Mr. Mike Kay, and Ms. Macow. In *Hargis v. Nance*, 159 Tex. 263, 317 S.W.2d 922, 924 (1958) (quoting *Mitchell v. Vickers*, 20 Tex. 377, 385 (1857)), the court stated: "[T]o entitle a nuncupative will to probate three witnesses 'must agree, at least substantially, to the words spoken, or the dispositions made by the deceased.'" Further, "'There can be no will, no disposition of the property, if the witnesses cannot concur as to what, in substance, was such disposition.'" *Hargis*, 317 S.W.2d at 924 (quoting *Mitchell*, 20 Tex. at 385). Whether the testimony of three witnesses is in substantial agreement as to the dispositive terms of the will is a question of law to be decided by the judge. *Hargis*, 317 S.W.2d at 926.

■ The record demonstrates that the only testimony offered concerning Kay's wishes for the disposition of his property was that of Engelhardt, his attorney. The affidavits and depositions of Ms. Macow and the affidavit of Harry Levit merely indicate that the testator told them that he had made, or that he was making, a new will *after* his conversation with Engelhardt. There is no testimony by Mike Kay, whom appellant named as one of the three credible witnesses to the alleged nuncupative will in his First Amended Contest of Application To Probate the Alleged Will of Deceased Dated February 9, 1983. There simply is no testimony by three credible witnesses which substantially agrees, or supports, the detailed 3½ page disposition of property offered by appellant as the testator's nuncupative will. As a matter of law, the alleged nuncupative will offered by appellant fails to meet at least one of the requirements of Tex.Prob.Code Ann. § 65 (Vernon 1980), and thus, is not a valid will. Appellant's points of error one, four, and six are overruled.

Because our decision with regard to points of error one, four, and six is dispositive of this appeal, we overrule appellant's points of error two and five in which he argues that the nuncupative will met the requirement that the will be declared at the testator's home and in which he argues that a fact issue was raised concerning whether deceased was in his last sickness when he declared his alleged oral will.

In his third point of error, appellant maintains that a nuncupative will can revoke a prior written will. This point of error presupposes the existence of a valid nuncupative will. Although we recognize that Texas law is not settled in this area, we will not address this question because we have found that a nuncupative will does not exist. Point of error three is overruled.

The judgment of the court below is affirmed.