TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00334-CV






 

In re Paul West Kimmell
 






ORIGINAL PROCEEDING FROM BURNET COUNTY






PER CURIAM


 Paul West Kimmell filed a "show cause" action in the 33rd Judicial District Court
of Burnet County. In that suit, district-court cause number 20,509, Kimmell sued Ina Cooper,
Tammy L. Smith, William Joel Johnson, and various unnamed others. On May 2, 2001, the district
court dismissed that suit for want of jurisdiction. From that single district-court suit arise two causes
in this Court.

 Kimmell filed a notice of appeal from the dismissal of the show-cause action. That
appeal, Kimmell v. Johnson, has been assigned cause number 03-01-00333-CV and proceeds
separately from this original proceeding.

 This original proceeding is based on Kimmell's pleading styled "Petition For
Conversion Of Personal Property By Official Misconduct" filed in this Court. In it, he challenges
the authority of persons--District Judge Guilford L. Jones, III; District Clerk Kathy Barrow; and
Mahon B. Garry, Jr.--who participated in events leading to the May 2, 2001 dismissal of Kimmell
v. Johnson. He appears to contend that they have either not taken the necessary oaths to perform
their jobs or were administered their oaths by a person who failed to take the necessary oaths. He
requests that we require that Jones, Barrow, and Garry show cause why he was denied relief in the
district court and that we issue a declaratory judgment voiding their actions, establish a qualified
district clerk in Burnet County, and mandate that criminal charges be issued against these
individuals. He asserts that he has not brought these complaints in Burnet County because no court
in that county has public officials qualified to redress his grievance.

 We do not discern a basis on which we may exercise jurisdiction over this original
proceeding. Kimmell does not by this petition invoke our appellate jurisdiction. See Tex. Gov't
Code Ann. § 22.220 (West 1988). He does not request a writ of mandamus, habeas corpus, or any
other writ as being necessary to preserve our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (West
Supp. 2001); Tex. R. App. P. 52(a). The root of all the requested relief, Kimmell's challenge to the
authority of state officials to hold office and perform their duties, is essentially a petition for writ of
quo warranto, which is "an ancient prerogative writ in the nature of a writ of right for the king
against a person who claimed or usurped any office, franchise, or liberty, to inquire by what authority
he supported his claim, in order to determine the right." See State v. City of Hurst, 519 S.W.2d 698,
700 (Tex. Civ. App.--Fort Worth 1975, writ ref'd n.r.e.). (1) The supreme court, not the appellate
court, is vested with the power to issue writs of quo warranto. See Tex. Const. Art. 5, § 3; Tex.
Gov't Code Ann. § 22.002 (West 1998).

 Without jurisdiction over this cause, we cannot grant Kimmell's requested relief. 
Accordingly, we must dismiss this petition for want of jurisdiction. This dismissal does not affect 
the appeal in Kimmell v. Cooper, cause number 03-01-00333-CV; that appeal continues separately.


Before Chief Justice Aboussie, Justices Yeakel and Patterson

Filed: June 29, 2001

Do Not Publish
1. The State is the real party in interest even if the quo warranto proceeding is brought at the
behest and for the benefit of a private party. See Hurst, 519 S.W.2d at 700. The State, on behalf of
its collective citizens, has a great interest in knowing whether persons acting as governmental
officials are entitled to do so. See id.



WP="BR1">




NO. 03-01-00334-CV






 

In re Paul West Kimmell
 






ORIGINAL PROCEEDING FROM BURNET COUNTY






PER CURIAM


 Paul West Kimmell filed a "show cause" action in the 33rd Judicial District Court
of Burnet County. In that suit, district-court cause number 20,509, Kimmell sued Ina Cooper,
Tammy L. Smith, William Joel Johnson, and various unnamed others. On May 2, 2001, the district
court dismissed that suit for want of jurisdiction. From that single district-court suit arise two causes
in this Court.

 Kimmell filed a notice of appeal from the dismissal of the show-cause action. That
appeal, Kimmell v. Johnson, has been assigned cause number 03-01-00333-CV and proceeds
separately from this original proceeding.

 This original proceeding is based on Kimmell's pleading styled "Petition For
Conversion Of Personal Property By Official Misconduct" filed in this Court. In it, he challenges
the authority of persons--District Judge Guilford L. Jones, III; District Clerk Kathy Barrow; and
Mahon B. Garry, Jr.--who participated in events leading to the May 2, 2001 dismissal of Kimmell
v. Johnson. He appears to contend that they have either not taken the necessary oaths to perform
their jobs or were administered their oaths by a person who failed to take the necessary oaths. He
requests that we require that Jones, Barrow, and Garry show cause why he was denied relief in the
district court and that we issue a declaratory judgment voiding their actions, establish a qualified
district clerk in Burnet County, and mandate that criminal charges be issued against these
individuals. He asserts that he has not brought these complaints in Burnet County because no court
in that county has public officials qualified to redress his grievance.

 We do not discern a basis on which we may exercise jurisdiction over this original
proceeding. Kimmell does not by this petition invoke our appellate jurisdiction. See Tex. Gov't
Code Ann. § 22.220 (West 1988). He does not request a writ of mandamus, habeas corpus, or any
other writ as being necessary to preserve our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (West
Supp. 2001); Tex. R. App. P. 52(a). The root of all the requested relief, Kimmell's challenge to the
authority of state officials to hold office and perform their duties, is essentially a petition for writ of
quo warranto, which is "an ancient prerogative writ in the nature of a writ of right for the king
against a person who claimed or usurped any office, franchise, or liberty, to inquire by what authority
he supported his claim, in order to determine the right." See State v. City of Hurst, 519 S.W.2d 698,
700 (Tex. Civ. App.--Fort Worth 1975, writ ref'd n.r.e.). (1) The supreme court, not the appellate
court, is vested with the power to issue writs of quo warranto. See Tex. Const. Art. 5, § 3; Tex.
Gov't Code Ann. § 22.002 (West 1998).

 Without jurisdiction over this cause, we cannot grant Kimmell's requested relief. 
Accordingly, we must dismiss this petition for want of jurisdiction. This dismissal does not affect 
the appeal in Kimmell v. Cooper, cause number 03-01-00333-CV; that appeal continues separately.


Before Chief Justice Aboussie, Justices Yeakel and Patterson

Filed: June 29, 2001

Do Not Publish
1. The State is the real party in interest even if the quo warranto proceeding is