Opinion issued August 14, 2008










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00125-CV






MARJORIE THOMPSON AND GEORGE THOMPSON, Appellants


V.


DAVID MYROW, Appellee






On Appeal from Probate Court No. 3

Harris County, Texas

Trial Court Cause No. 343,430-401






MEMORANDUM OPINION


 Appellants, Marjorie Thompson and her son George Thompson, challenge the
trial court's January 11, 2007 order denying Marjorie Thompson's "Motion for
Summary Judgment On Her Statutory Bill of Review." In two issues on appeal,
Thompson argues that the trial court erred in probating the purported nuncupative
will of decedent, Eula Mae Myrow, and that the trial court exceeded its statutory
jurisdiction by creating an independent administration and appointing appellee, David
Myrow, as independent administrator.

 We dismiss the appeal for lack of jurisdiction.

Background

 The underlying probate proceeding involves the estate of Eula Mae Myrow
("the decedent"). On July 11, 2003, the decedent broke her hip and was admitted to
the hospital. On July 16, 2003, the decedent made a nuncupative will designating
David Myrow, appellee, as the sole beneficiary of her estate. On July 21, 2003, the
decedent was transferred to the intensive care unit of a different hospital.

 On July 26, 2003, Marjorie Thompson withdrew $267,373.45 from bank
accounts belonging to the decedent under the authority of a durable power of
attorney. The decedent passed away on July 31, 2003. In November 2003, Marjorie
Thompson transferred approximately $129,000 of the money to her son, George
Thompson.

 On December 12, 2003, Myrow filed an "Amended Application to Probate the
Nuncupative Will and for Issuance of Letters Testamentary or, in the alternative,
Letters of Administration." On February 18, 2004, the trial court signed an order
admitting the nuncupative will to probate and authorizing letters of administration.

 Myrow then filed a suit in the same court against the Thompsons, alleging that
they misappropriated funds from the decedent's estate and claiming conversion,
fraud, breach of fiduciary duty, and tortious interference with inheritance rights. On
February 17, 2005, Marjorie Thompson filed her Second Amended Petition, in which
she added a counter-claim of promissory estoppel, seeking the imposition of a
constructive trust on the property in decedent's estate. Thompson's second amended
petition also sought a bill of review (1) challenging the validity of the nuncupative will
or, alternatively, sought to challenge the decedent's capacity to make a nuncupative
will.

 On January 11, 2007, Marjorie Thompson filed a motion for summary
judgment on her statutory bill of review. On the same day, the trial court signed an
order denying her motion for summary judgment. In the order, the trial court stated
that "the Court is of the opinion that there exist genuine issues of material fact which
preclude the granting of summary judgment and, therefore, summary judgment should
be denied." Thompson filed a notice of appeal on February 9, 2007.

Analysis

 Myrow challenges this Court's jurisdiction to hear this appeal on the grounds
that the trial court's denial of Marjorie Thompson's motion for summary judgment
was interlocutory.

 Generally, parties may appeal only from a final judgment. Brittingham-Sada
de Ayala v. Mackie, 193 S.W.3d 575, 578 (Tex. 2006); Bozeman v. Kornblit, 232
S.W.3d 261, 262 (Tex. App.--Houston [1st Dist.] 2007, no pet.). The Texas Probate
Code provides, "All final orders of any court exercising original probate jurisdiction
shall be appealable to the court of appeals." Tex. Prob. Code Ann. § 5(g) (Vernon
Supp. 2007). However, probate proceedings frequently create exceptions to the "one
final judgment" rule because a trial court may sign several orders during the pendency
of a probate proceeding that are final on a "discrete issue." Brittingham-Sada de
Ayala, 193 S.W.3d at 578; Bozeman, 232 S.W.3d at 262-63; see also Young v. First
Comm. Bank, 222 S.W.3d 454, 457 (Tex. App.--Houston [1st Dist.] 2006, no pet.)
(noting that there may be but "one final judgment rendered in any cause," pursuant
to Texas Rule of Civil Procedure 301, except when "specially provided by law").

 Texas courts have struggled with determining when "an otherwise interlocutory
probate order is final enough to qualify for appeal." Brittingham-Sada de Ayala, 193
S.W.3d at 578. In Brittingham-Sada de Ayala, the Texas Supreme Court discussed
two factors that courts should consider when determining whether a probate court's
order is appealable. Id. Orders are appealable when the trial court has adjudicated
a "substantial right" and when "the order dispose[s] of all issues in the phase of the
proceeding for which it was brought." Id. (citing Crowson v. Wakeham, 897 S.W.2d
779, 782-83 (Tex. 1995)). The Brittingham-Sada de Ayala court then stated the
following test:

If there is an express statute, such as the one for the complete heirship
judgment, declaring the phase of the probate proceedings to be final and
appealable, that statute controls. Otherwise, if there is a proceeding of
which the order in question may logically be considered a part, but one
or more pleadings also part of that proceeding raise issues or parties not
disposed of, then the probate order is interlocutory.


Id. (citing Crowson, 897 S.W.2d at 783). Therefore, "[A]n order that merely 'sets the
stage' for further resolution is interlocutory and not appealable." Bozeman, 232
S.W.3d at 263 (citing Brittingham-Sada de Ayala, 193 S.W.3d at 579).

 Here, Marjorie Thompson is attempting to appeal the trial court's order denying
her motion for summary judgment on her petition for a bill of review. Thompson's
petition for a bill of review started a new phase of the proceeding by requesting that
the trial court reexamine its previous order admitting the nuncupative will to probate. 
See Tex. Prob. Code Ann. § 31 (Vernon 2003) (providing that an "interested
[person] may . . . have any decision, order, or judgment rendered by the court . . .
revised and corrected on showing error therein"). There is no statute governing this
phase of the proceedings; therefore, we determine whether the trial court's order
disposed of all of the issues in this phase of the proceedings. See Brittingham-Sada
de Ayala, 193 S.W.3d at 578.

 In denying Marjorie Thompson's motion for summary judgment, the trial court
has not denied her the relief she requested in her petition for a bill of review; rather,
the trial court found that summary judgment was improper because there remain
genuine issues of material fact to be resolved. Furthermore, the trial court's order
denying Thompson's motion for summary judgment did not address her promissory
estoppel claim seeking the imposition of a constructive trust or her claim that the
decedent lacked the capacity to execute a nuncupative will, both of which were raised
in her second amended petition but were not addressed in her motion for summary
judgment. (2)

 We conclude that the January 11, 2007 order denying Marjorie Thompson's
motion for summary judgment did not "dispose of all issues in the phase of the
proceeding for which it was brought," but "merely set[] the stage for the resolution
of all proceedings" related to her petition for a bill of review. See Bozeman, 232
S.W.3d at 264 (citing Brittingham-Sada de Ayala, 193 S.W.3d at 578-79). 
Accordingly, this Court has no jurisdiction to consider this appeal. See Tex. R. App.
P. 42.3(a).Conclusion

 We dismiss the appeal for lack of jurisdiction.






 Evelyn V. Keyes

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.

1. Section 31 of the Texas Probate Code provides that "[a]ny person interested may, by
a bill of review filed in the court in which the probate proceedings were had, have any
decision, order, or judgment rendered by the court, or by the judge thereof, revised
and corrected on showing error therein." Tex. Prob. Code Ann. § 31 (Vernon 2003).
2. Marjorie Thompson argues that this Court has jurisdiction to hear this appeal under
Kay v. Sandler, 718 S.W.2d 872, 873 (Tex. App.--Houston [14th Dist.] 1986, writ
refused n.r.e.) ("An appeal is authorized in a probate matter if brought from a
judgment which finally disposes of and is conclusive of the issue or controverted
question for which that particular part of the proceeding was brought."). However,
Thompson's argument that "the validity of a nuncupative will . . . is a question of law
for the court, thereby making the order denying [her motion for summary judgment]
in fact, a final appealable order" is not supported by Kay. Furthermore, Kay predates
the Texas Supreme Court's clarification of this area of law in both Crowson and
Brittingham-Sada de Ayala. See Brittingham-Sada de Ayala v. Mackie, 193 S.W.3d
575, 578 (Tex. 2006); Crowson v. Wakeham, 897 S.W.2d 779, 782-83 (Tex. 1995).