### WILLIAMS v. WHITE et al.
#### No. 11927.

Court of Civil Appeals of Texas. San Antonio.

May 18, 1949.

Rehearing Denied June 15, 1949.

Black & Stayton, Austin, for appellant.

R. A. Taylor, Jr., Crystal City, C. D. Jessup, Houston, David R. White, Uvalde, Ralph W. Yarborough, Austin, for appellees.

NORVELL, Justice.

L. L. Williams, a resident of Zavala County, Texas, sought to perpetually restrain Mrs. Nola White, the tax assessor and collector of said county, from collecting taxes for the benefit of the Southwest Texas Joint County Junior College District, which is composed of Real, Uvalde and Zavala Counties, and organized under the provisions of Acts 1929, 41st Leg., Regular Session, Ch. 290, p. 648, and amendments thereto. Article 2815h, Vernon's Ann.Civ. Stats.

The Junior College District intervened in the suit and contested plaintiff's demand for injunctive relief. The Honorable David E. Mulcahy, Judge of the 41st Judicial District of Texas, was assigned to the 38th Judicial District for the purpose of trying the cause. Trial was had to the court without a jury and a judgment rendered that the plaintiff, Williams, take nothing.

Williams, as appellant, presents four points of error by which he contends (1) that the statutory provisions relating to the creation of a joint county junior college district are unconstitutional; (2) that there is no statutory authority authorizing a joint county junior college district to levy taxes; (3) that the district is not composed of a "combination of contiguous counties" as required by law; and (4) that the trustees of the junior college district were not authorized to designate the assessor-collector of Zavala County as the assessor-collector of the district, insofar as Zavala County property is concerned.

Appellees answer appellant's points by appropriate counter points, and also contend that the matters sought to be litigated in this suit have been decided contrary to appellant's contentions in a prior action, and that the rule of res judicata is applicable to this suit.

In view of the contentions of the parties above stated, the following, taken from the findings and conclusions of the trial judge, is deemed a sufficient statement of the case:

In April, 1946, petitions were presented to the County Boards of Education of Real, Uvalde and Zavala Counties, requesting the formation of a Joint County Junior College District, to be composed of said three counties. Article 2815h, § 18. These petitions were forwarded to the State Board of Education, which made the following findings with reference thereto: "And the State Board of Education, with the advice of the State Superintendent of Public Instruction, has considered the geographical location with respect to colleges already established, and has considered the need of the State, the welfare of the State as a whole, as well as the welfare of the community involved, and thereupon further finds and determines that the proposed district is in a growing section and there is a public convenience and necessity for such Junior College, and that it is feasible and desirable to establish such Joint County Junior College District."

The State Board of Education thereupon authorized the commissioners' courts of the counties affected to order an election in accordance with the provisions of Article 2815h, § 19. The vote in the three counties was favorable to the creation of the proposed district, although a majority of the voters in Zavala County voted against the proposition. The commissioners' courts announced the result of the election and declared that the district had been duly and legally created and established; that the board of trustees was authorized to levy and collect annually a tax at the rate of twenty cents on each $100.00 valuation upon all taxable property in the district; and that L. Wagner and six others had been duly and legally elected trustees of said district. Article 2815h, § 20.

The trustees of the district took the oath of office and entered upon the discharge of their duties. They employed a president and faculty; located the college in Uvalde County, and opened its doors in October of 1946. The college has been maintained since that date and gives instructions on the college level of difficulty only, that is, the first two years of college work.

The college has been duly accredited by the State Board of Education and receives appropriations as a public institution directly from the State of Texas, under the Junior College Appropriation Act of the

50th Legislature, Acts 1947, Ch. 346, p. 685, loc. cit. 686, Vernon's Ann.Civ.St. art. 2815j—2.

The defendant, Mrs. Nola White, was designated as tax assessor and collector of the Junior College District by the Board of Trustees, insofar as properties situated in Zavala County are concerned.

The trial judge concluded as a matter of law that Chapter 290 of the Acts of 1929, 41st Legislature, Regular Session and amendments thereto, Article 2815h, Vernon's Ann.Civ.Stats., was constitutional and did not violate Sec. 3 of Art. 7 of the Constitution, Vernon's Ann.St., or any other portion thereof; that said Southwest Texas Joint County Junior College District was legally and validly created under the constitution and laws of the State of Texas; that it is an institution of higher learning in Texas, composed of the counties of Real, Uvalde, and Zavala, a combination of contiguous counties within the meaning of Article 2815h; that the district had the legal authority to levy taxes and to appoint Mrs. Nola White as the assessor and collector of taxes upon Zavala County property.

The trial judge held against the district upon its plea of res judicata. The validity of the district was sustained by a judgment of the District Court of Zavala County, 38th Judicial District, rendered in proceedings in the nature of quo warranto. An attempted appeal to this Court was dismissed, State ex rel. Crawford v. Wagner, Tex.Civ.App., 203 S.W.2d 795, and application for writ of error was refused by the Supreme Court. The trial judge in the present case, however, held that the presiding judge in the district court was disqualified to try the Wagner case and that the judgment rendered by him was utterly void. This same contention was presented in a suit to set aside the judgment in the quo warranto case and sustained in the district court. This action, however, was reversed by this Court, Wagner v. State, 217 S.W.2d 463, and application for writ of error was refused (N.R.E.) by the Supreme Court. These former proceedings will be discussed in more detail under appellees'

counter points relating to their res judicata defense.

As above pointed out, appellant's first point asserts that the statute authorizing the creation of a joint county junior college district composed of three entire counties is unconstitutional.

Article 7, § 3, of the Constitution of Texas provides in part, that "the Legislature may also provide for the formation of school districts by general laws; and all such school districts may embrace parts of two or more counties * * *." Appellant contends that this language of the Constitution contains a limitation which prevents the Legislature from legally creating a junior college district composed of three entire counties.

■ Appellant suggests that the provision relating to the formation of districts embracing "parts of two or more counties" was adopted in 1909 to meet the decision of the Supreme Court in Parks v. West, 102 Tex. 11, 111 S.W. 726; Id., Tex.Civ.App., 113 S.W. 529, wherein it was held that the Legislature, under the Constitution as it then existed, could not create a district embracing territory lying in more than one county. We think this is correct, but the Constitution seems to make a distinction between the public free schools (the first seven sections of Article 7 of the Constitution) and other types of educational institutions such as colleges and universities which are above the high school level of difficulty and generally referred to as institutions of higher learning. This distinction seems to have been recognized by the legislative and executive branches of our government as pointed out and discussed by Chief Justice Cureton in the case of Mumme v. Marrs, 120 Tex. 383, 40 S.W. 2d 31. We regard the case cited as authority for the proposition that the asserted limitation of Article, 7, § 3, of the Constitution is not applicable to junior colleges.

■ We are further of the opinion that the proviso relating to "parts of two or more counties" should not be construed as prohibiting the combination of entire counties into joint districts even if Article 7, § 3, be considered applicable to joint county

junior college districts. By adopting the 1909 amendment, p. 250, General Laws, 31st Leg., the people of this State adopted a policy of permitting school districts to include lands in more than one county. It was believed that the greater good would be served thereby. When the situation sought to be alleviated is considered, that is, the restriction of school districts to one county, it is difficult to see how the public policy would be served by adopting an over-literal view of the constitutional amendment. As pointed out in appellees' brief: "To hold that only a part of a county may be included in such district would result in an absurd requirement that at least a small fraction of each county composing such a district be excluded from such district. Under this strict construction contended for by appellant, had as much as one acre out of each county been excluded when the district involved herein was created, the legality of such district could not be disputed. Such a useless thing was not intended, and such strained construction does violence to the Constitution."

Appellant's first point is overruled.

■ Appellant's second point presents the contention that a joint county junior college is not authorized to levy and collect taxes under the act relating to junior college districts, Article 2815h. This Act contains over twenty sections and section 7 thereof expressly authorizes "the Junior College District created under this Act" to issue bonds and to provide for the interest and sinking fund for such bonds by levying taxes. Provision is further made for the levy and collection of a tax for maintenance purposes.

The Act provides for several types of junior college districts, such as those created by independent school districts or cities that have assumed control of the public schools, Sec. 1; those created as independent entities, Sec. 4; Union Junior College Districts, and Joint County Junior College Districts, Sec. 17. It would seem that any district provided for by the Act should be regarded as a "Junior College District created under this Act." We hold that Section 7 of the Act is applicable to districts provided for under Section 17 of the Act, especially in view of the fact that it appears that both sections, 7 and 17, were last amended by the same Legislature in 1937. See Acts 45 Legislature, Reg.Session, pp. 134 and 248.

We overrule appellant's second point.

■ We also overrule appellant's third point. The three counties involved form a tier of which Real is the northern county and Zavala the southern county, with Uvalde County in between. While none of the Real County boundary is common to any part of the Zavala County boundary, the three counties taken together constitute a "combination of contiguous counties" within the meaning of Article 2815h, § 17. Beard v. Marshall, Tex.Civ.App., 32 S.W.2d 496; Miller v. School Trustees of Milan County, Tex.Civ.App., 52 S.W.2d 806.

■■ In our opinion, Sections 7a, 7b, and 22 of Article 2815h provide for the assessment and collection of junior college district taxes upon property in Zavala County by the Assessor-Collector of said county. We are further of the opinion that these statutory provisions are valid constitutional enactments. It is our understanding that the Attorney General has so held in an advisory opinion.

We overrule appellant's fourth point.

We next consider appellees' counter points relating to the defense of res judicata.

The State of Texas upon the relation of R. S. Crawford and others brought suit in the nature of quo warranto, in which the validity of the creation of the Southwest Texas Joint County Junior College District was attacked. It seems that the issues raised here by appellant's first three points were also raised in the quo warranto action. The cause was No. 3253 on the docket of the 38th District Court and resulted in a judgment favorable to the district. As heretofore mentioned, an attempted appeal from said judgment was dismissed by this Court. State ex rel. Crawford v. Wagner, 203 S.W.2d 795, 799. Thereafter a second suit was filed in the 38th District Court and docketed as No. 3355, in which

it was alleged that the judgment rendered in the former cause (No. 3253) was void because the regular judge of the 38th district was disqualified to try the case. This second suit (No. 3355) was tried by the judge of the 63d district and resulted in a judgment setting aside the judgment theretofore rendered in Cause No. 3253. This judgment (in Cause No. 3355) was reversed by this Court. Wagner v. State, Tex.Civ.App., 217 S.W.2d 463. The effect of this Court's judgment was to recognize the judgment rendered in the first case (No. 3253) as being binding and effective. It follows that the trial judge in the present case erred in finding that the judge who presided at the trial of Cause No. 3253 was disqualified.

We need not dwell upon the distinction between the operation of the former judgment as a bar or by way of estoppel. It appears that in the quo warranto suit in which the State of Texas was a party, the following matters were litigated and decided: That the joint county junior college district was validly created; that said district had the authority to levy and collect taxes, and that the district was composed of a "combination of contiguous counties." These adjudications having been made in a "state suit" are binding upon the appellant here. Hodgkins v. Sampson, Tex.Civ.App., 135 S.W.2d 759; 26 Tex.Jur. 291, § 488. It further appears that appellant participated in the activities incident to the prosecution of the quo warranto action, and for this additional reason should be considered as bound thereby. Ex parte Foster, 144 Tex. 65, 188 S.W.2d 382.

We are firmly of the opinion that our holding that the tax assessor-collector of Zavala County may be designated to collect taxes for the district is correct, and will not discuss the matter of whether or not this issue could have been properly litigated in the quo warranto proceedings and, consequently, appellant is barred from raising the issue in this suit. The judgment in quo warranto clearly operates as an estoppel in regard to the three controlling issues above mentioned, unless it was deprived of this quality because of the peculiar fact that at the time of the trial of this case, said judgment (in Cause No. 3253) had been erroneously set aside by the judgment rendered in Cause No. 3355.

Ordinarily a judgment which has been taken to the highest court of the State will operate as an estoppel under the rules of res judicata. However, a judgment which is void or has been set aside upon a direct equitable attack will not be operative. The judgment here involved (rendered in Cause No. 3253) was not void and the judgment (in Cause No. 3355) which sought to declare it invalid was not final at the time the present case was tried in the sense that the appeal therefrom had not been finally disposed of in this Court and in the Supreme Court. Texas Trunk Ry. Co. v. Jackson Bros., 85 Tex. 605, 22 S.W. 1030.

We further feel constrained to now give effect to the judgment rendered in said Cause No. 3253 for the very practical reason that at the present writing, the judgment vacating the same has in turn been vacated, leaving the judgment in Cause No. 3253 fully operative. To remand the case under such circumstances would avail appellant nothing.

For the reasons stated, the judgment appealed from is affirmed.