

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 9, 1952

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. V-1544

Re: Authority of the Commissioner of Education to conduct appellate review in disputes involving junior college districts.

Dear Sir:

In your request for an opinion from this office you ask:

"Does the Commissioner of Education have jurisdiction to hear appeals from decisions of the governing boards of junior colleges?"

Section 4 of Article 2815h, V.C.S., the junior college district law, provides in part as follows:

". . . The said board of education of such junior college district, under the provisions of this Act, shall in addition to all of the powers and duties vested in them by the terms of this Act, be furthermore vested with all the rights, powers, privileges, and duties conferred and imposed upon trustees of independent school districts by the General Laws of this State, so far as the same may be applicable thereto and not inconsistent with this Act."

Section 5 of Article 2815h, V.C.S., reads as follows:

"The Board of Trustees of Junior College Districts shall be governed in the establishment, management and control of the Junior College by the General Law governing the establishment, management and control of Independent School Districts in so far as the General Law is applicable."

Section 1 of Article 2654-5, V.C.S., one of the Gilmer-Aikin laws which created the Texas Central Education Agency, provides in part as follows:

"There is hereby established the position of State Commissioner of Education. All powers and duties heretofore vested in the State Superintendent of Public Instruction shall be discharged by the Commissioner, provided said powers and duties are not in conflict with the provisions of this Act. . . ."

Article 2656, V.C.S., provides in part:

"The State Superintendent shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State, and he shall have printed for general distribution such number of copies of school laws as the State Board of Education may determine. He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board."

Section 1 of Article 2654-7, V.C.S., reads as follows:

"Parties having any matter of dispute among them arising under provisions of the school laws of Texas, or any person or parties aggrieved by the actions or decisions of any Board of Trustees or Board of Education, may appeal in writing to the Commissioner of Education who, after due notice to the parties interested, shall examine in a hearing and render a judgment without cost to the parties involved. However, nothing contained in this Section shall deprive any party of a legal remedy."

Section 2 of Article 2654-1, V.C.S., provides:

"The Central Education Agency shall exercise, under the Acts of the Legislature, general control of the system of public

education at the State level. Any activity with persons under twenty-one (21) years of age, which is carried on within the State by other State or Federal Agencies, except higher education in approved colleges, shall in its educational aspects be subject to the rules and regulations of the Central Education Agency." (Emphasis added.)

Prior to the enactment of Article 2654-7, Article 2656 had been construed as making an appeal to the school authorities a condition precedent to a right of any party complaining of the decision of a public school board to bring the matter in controversy before the courts. Trustees of Chillicothe Independent School Dist. v. Dudney, 142 S.W. 1007 (Tex.Civ.App. 1911); Warren v. Sanger Independent School Dist., 116 Tex. 183, 288 S.W. 159 (1926); Huntington Independent School Dist. v. Scroggins, 9 S.W.2d 171 (Tex.Civ.App. 1928). However, it had been impliedly held that the governing bodies of institutions of higher learning were not within the term "subordinate school officers" in Article 2656 and an appeal from their decisions could be taken directly to the courts. Foley v. Benedict, 122 Tex. 193, 55 S.W.2d 805 (1932). In Williams v. White, 223 S.W.2d 278, 281 (Tex.Civ.App. 1949, error ref.), the court held that junior colleges are institutions of higher learning and are not part of the public free school system, saying:

"Appellant suggests that the provision relating to the formation of districts embracing 'parts of two or more counties' was adopted in 1909 to meet the decision of the Supreme Court in Parks v. West, 102 Tex. 11, 111 S.W. 726; Id., Tex.Civ.App., 113 S.W. 529, wherein it was held that the Legislature, under the Constitution as it then existed, could not create a district embracing territory lying in more than one county. We think this is correct, but the Constitution seems to make a distinction between the public free schools (the first seven sections of Article 7 of the Constitution) and other types of educational institutions such as colleges and universities which are above the high school level of difficulty and generally referred to as institutions of higher learning. This distinction seems to have been recognized

by the legislative and executive branches of
our government as pointed out and discussed
by Chief Justice Cureton in the case of
Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31.
We regard the case cited as authority for the
proposition that the asserted limitation of
Article, 7 § 3, of the Constitution is not
applicable to junior colleges."

It would follow from this holding that appellate juris-
diction of the State Superintendent of Public Instruc-
tion under Article 2656 did not extend to rulings of
junior college governing boards.

There has not been a judicial determination of
whether Article 2654-7 has changed the former rule under
Article 2656 so as to give an aggrieved party a chocie
of appealing to the Commissioner of Education or of ap-
pealing directly to a court. Be that as it may, we are
of the opinion that neither Article 2654-7 nor any other
statutory provision has increased the Commissioner's
jurisdiction to include review of decisions of governing
bodies of junior colleges. In our opinion, the appellate
jurisdiction conferred in Article 2654-7 is substantially
the same as that theretofore vested in the State Superin-
tendent under Article 2656 and is limited to disputes
and controversies in matters over which he has general
administrative control. While the Commissioner of Educa-
tion and the Central Education Agency, of which he is
a part, perform certain specific duties with respect to
publicly supported junior colleges, they have no general
jurisdiction or supervision over activities of junior
colleges as they have over the activities of the public
free schools. This lack of general jurisdiction over
institutions of higher learning is recognized in Section
2 of Article 2654-1, which expressly excepts their
activities from the Central Education Agency's general
control of education activities affecting persons under
21 years old. Therefore, it is our opinion that the
Commissioner ofEducation does not have jurisdiction to
hear appeals from the decisions of the governing boards
of junior colleges.

## SUMMARY

The Commissioner of Education has no jurisdiction to hear appeals from the deci- sions of the governing boards of junior colleges.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary Kate Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

BA:am

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant