J. Norman WELLS et al., Appellants,

v.

CITY OF KILLEEN, Appellee.

No. 7708.

Court of Civil Appeals of Texas, Beaumont.

June 12, 1975.

Rehearing Denied July 10, 1975.

Terral R. Smith, Austin, for appellants.

J. Rush Milam, III, Killeen, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting the application of the City of Killeen for a permanent injunction. The parties will be referred to here as they were in the trial court.

The injunction granted restrains J. Norman Wells, and other defendants named, from using the premises in question for theatrical purposes and from violating two city ordinances of the City of Killeen. Trial was before the court and findings of fact and conclusions of law were filed. The trial court found that defendants had violated both the zoning ordinance and the theater licensing and regulating ordinance.

The two ordinances complained of here will be referred to as the "Zoning Ordinance" and the "Licensing Act." The Zoning Ordinance provides in substance that there is hereby created a new zoning classification for the purpose of regulating the establishment and operation of theaters. City Council by three-fourths or more vote may grant a special permit for theater use, and may impose appropriate reasonable conditions and safeguards.

The Licensing Act provides, in substance: That it shall be unlawful to exhibit or maintain any show unless the exhibitor shall first pay a license fee or occupation tax and secure a permit in writing from the city. The City Council can demand a bond from the exhibitor in such sum as in the discre-

tion of the Council is deemed sufficient for the protection of the city and the general public, conditioned that the exhibitor pay off all damages assessed against it by reason of giving the show or exhibition. It provides for a fine for violation of this ordinance and that each exhibition shall constitute a separate offense.

Defendants have four points of error attacking the validity of the zoning ordinance on the following grounds:

1. Public notice before the adoption was inadequate and insufficient.

2. Written notice was not sent to the affected property owners.

3. The ordinance was void, because it is arbitrary, unreasonable, discriminatory, and has no relation to the public health, safety morals, or general welfare.

4. The ordinance is void because it violates the 1st, 4th, and 14th amendments to the United States Constitution.

Defendants' argument as the insufficiency of the notice is, in substance, that the newspaper publication did not contain the words "zone" or "zoning" and was, therefore, inadequate. Such notice was to the effect that the City of Killeen would have a public hearing at a specified time and place, and included this statement:

"The purpose of this public hearing is to consider adoption of an ordinance by the City of Killeen regulating movie theaters in the city."

The enactment of zoning laws is an exercise of the police powers of the State by the legislative branch of our State government. The State has delegated some of its authority to municipalities. Vernon's Tex.Rev.Civ. Stat.Ann. arts. 1011a–1011j. Art. 1011d reads as follows:

"The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall

be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least 15 days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality."

Defendants' argument as to the failure to send the written notice to the property owners is, in substance, that in this case such written notice was required of art. 1011f to be sent to all property owners in the city. It is agreed that written notices were not sent to anyone. Art. 1011f provides, in part, as follows:

"Written notice of all public hearing before the Zoning Commission on proposed changes in classification shall be sent to owners of real property lying within two hundred (200) feet of the property on which the change in classification is proposed, such notice to be given, not less than ten (10) days before the date set for hearing, to all such owners who have rendered their said property for city taxes as the ownership appears on the last approved city tax roll."

These questions raised by defendants constitute a collateral attack upon the validity of the zoning ordinance. The burden of proof was upon them to show that such ordinance was void ab initio. Among other things, defendants had to prove that they were entitled to be given adequate published notice as well as mailed notice of the hearing to adopt such ordinance. In order to do that, defendants had to show that their property was in a zone in which they could have operated a theater before the adoption of this zoning ordinance. If the property in question in the case before us was located in a zone in the comprehensive zoning ordinance which did not permit

the operation of a theater, then they were not entitled to either a published or a written notice of such hearing. Defendants simply have not shown that they were situated in a category entitled to have either of such notices, and cannot here be heard to complain about the inadequacy of notice before the zoning ordinance was adopted.

In passing upon the other two facets of defendants' attack upon the zoning ordinance, as shown above (3 and 4), we are bound to follow the principles of law set forth in City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477, 480–481 (1955). In holding that the zoning amendments in question were valid, these rules were announced:

"[2] Since it is an exercise of the legislative power of the city's council, the ordinance must be presumed to be valid.

"[3, 4] The courts cannot interfere unless it appears that the ordinance represents a *clear abuse* of municipal discretion. And the 'extraordinary burden' rests on one attacking the ordinance 'to show that no *conclusive,* or even *controversial* or issuable, facts or conditions existed which would authorize the governing board of the municipality to exercise the discretion confided to it.' City of Dallas v. Lively, Tex.Civ.App., 161 S.W.2d 895, 898, error refused, quoting from King v. Guerra, Tex.Civ.App., 1 S.W.2d 373, error refused.

"[5, 6] The presumption of validity accorded original comprehensive zoning applies as well to an amendatory ordinance. Weaver v. Ham, 149 Tex. 309, 232 S.W.2d 704. In either case the courts have no authority to interfere unless the change is clearly unreasonable and arbitrary. Clesi v. Northwest Dallas Improvement Ass'n, Tex.Civ.App., 263 S.W.2d 820, 827, error refused, N.R.E., quoting 62 C.J.S., Municipal Corporations, § 228, p. 561.

"[7, 8] If reasonable minds may differ as to whether or not a particular zoning restriction has a substantial relationship to the public health, safety, morals or general welfare, no clear abuse of discretion is shown and the restriction must stand as a valid exercise of the city's police power. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, error dism., correct judgt. Otherwise expressed by the court in the case just cited, if the issue of validity is fairly debatable courts will not interfere."

■ Defendants in this case had the burden of showing that reasonable minds could not differ as to whether or not the zoning ordinance involved in the case before us had a substantial relationship to the public health, safety, morals or general welfare of the City of Killeen. This the defendants totally failed to do. The points of error as to the validity of the zoning ordinance are overruled. See Baccus v. City of Dallas, 454 S.W.2d 391 (Tex.1970) and Westworth Village v. Mitchell, 414 S.W.2d 59 (Tex.Civ. App.—Ft. Worth 1967, writ ref'd n. r. e.).

■ Defendants have a point of error to the effect that an injunction is not available as a remedy because the licensing act provides for a fine in the event of a violation of that ordinance. It is true that the general rule is that injunctions may not be used to prevent violations of penal statutes or laws. Defendants cite Lammon v. City of San Antonio, 223 S.W.2d 533 (Tex.Civ. App.—San Antonio 1949, writ ref'd n. r. e.) and City of San Antonio v. Schutte, 246 S.W. 413 (Tex.Civ.App.—San Antonio 1922, no writ), in support of that contention. However, in the case before us, we have a violation of the zoning ordinance as well as the licensing act, and, under Tex.Rev.Civ. Stat.Ann. art. 1011h and the cases construing it, injunctive relief is available to restrain violations of the zoning ordinance. See cases annotated under art. 1011h. This point is overruled.

Affirmed.