Suk Chu **HITCHCOCK** et al., Appellants,

v.

**CITY OF KILLEEN, Appellee.**

**No. 5040.**

Court of Civil Appeals of Texas, Eastland.

June 16, 1977.

Rehearing Denied July 7, 1977.

*Co.*, 415 S.W.2d 683 (Tex.Civ.App.1967, writ ref. n. r. e.).

Terral R. Smith, Austin, for appellants.

J. Rush Milam III, City Atty., Killeen, for appellee.

McCLOUD, Chief Justice.

This is an appeal from an order granting a temporary injunction. Defendants, Suk Chu Hitchcock, Michael Allan Burke, Individually and d/b/a the Playhouse, and the Game Room, Inc., were enjoined from presenting or showing or allowing to be

presented or shown any form of entertainment at 211 East Avenue D, Killeen, Bell County, Texas, without first obtaining the proper zoning or permit for the property described above.

The court found that defendants operated a "theater" at 211 East Avenue D in Killeen; the property was zoned for B–5 General Business uses; a theater is allowed only in BT–1 Districts; defendants also failed to comply with the "Shows Licensing Ordinance"; and, defendants will in reasonable probability continue to violate these ordinances unless restrained.

Defendants argue that zoning ordinance BT–1 is void because the City of Killeen failed to provide proper public notice of the zoning ordinance prior to its adoption as required by Article 1011d, Tex.Rev.Civ. Stat.[1] The City of Killeen contends defendants are bound by the judgment in Cause No. 62,433–C, *City of Killeen v. J. Norman Wells,* 146th District Court, Bell County, Texas, affirmed in *Wells v. City of Killeen,* 524 S.W.2d 735 (Tex.Civ.App., Beaumont 1975, writ ref. n.r.e.), which held the zoning ordinance under attack valid.

The property in the instant case, 211 East Avenue D, was the identical property involved in *Wells.* The same issues are involved in the instant suit as were involved in *Wells.* Only the named defendants are different. The defendants in *Wells* contended the zoning ordinance was void because of improper public notice. The defendants in the case at bar assert the same contentions.

The court in *Texas Foundries v. International Moulders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952) stated: ". . . The granting or refusing of a temporary injunction is subject to a very different character of appellate review

1. Article 1011d provides:

"The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, no such regulation, restriction, or bound-ary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least 15 days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality. Acts 1927, 40th Leg., p. 424, ch. 283, § 4."

from the granting or refusing of a permanent injunction. The trial court is clothed with broad discretion in determining whether or not to issue a temporary injunction to preserve the rights of the parties pending a final trial of the case, and when that discretion is exercised its order should not be overturned unless the record discloses a clear abuse of discretion . . ."

In *Sun Oil Company v. Whitaker,* 424 S.W.2d 216 (Tex.Civ.App.1968), the court said:

". . . To warrant issuance of the writ, an applicant is not required to establish that he will prevail on final trial; he needs only to plead a cause of action and to show a probable right on final trial to the relief he seeks and probable injury in the interim. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549 (1953); *Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas,* 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235 (1936). To be entitled to the writ when the only relief sought on final trial is injunctive, the applicant must show a probable right on final hearing to a permanent injunction. *Oil Field Haulers Ass'n v. Railroad Commission,* 381 S.W.2d 183 (Tex.Sup. 1964). A necessary corollary of the preceding rule is that in no event should the writ issue for the protection of an applicant who does not show a probable right on final trial to a permanent injunction . . ."

■ The issue before the court in *Wells* was the validity of Zoning Ordinance BT–1. The determination of this issue was of "general and public interest." In *Cochran County v. Boyd,* 26 S.W.2d 364 (Tex.Civ. App., Amarillo 1930, writ ref.), the court announced the appropriate rule as follows:

"The general rule is that, in the absence of fraud or collusion, a judgment for or against a county or other municipality is binding and conclusive upon all residents, citizens, and taxpayers, in respect to the matters adjudicated which are of general and public interest, and that all other citizens and taxpayers similarly situated are virtually represented in the litigation and bound by the judgment . . .

The reason for this rule is stated by the same authority on page 1029, as follows: 'If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself . . .'"

See also *Hovey v. Shepherd,* 105 Tex. 237, 147 S.W. 224 (1912); *Hodgkins v. Sansom,* 135 S.W.2d 759 (Tex.Civ.App.—Fort Worth 1939, writ dism'd jdgmt cor); 64 A.L.R. 1262.

■ The judgment in *Wells* held that Zoning Ordinance BT–1 was valid. Defendants are bound by that adjudication.

Defendants rely upon *Ex Parte Davis,* 470 S.W.2d 647 (Tex.1971). The case is distinguishable. The court in *Davis* held that a person, not named as a party in an injunction order, could not, under the facts presented, be held in contempt for violating the order.

■ Injunctive relief is available to restrain violations of a zoning ordinance. *Wells v. City of Killeen, supra.* There is evidence that Suk Chu Hitchcock was dancing "totally nude" at the Playhouse Club on August 26, 1976; that the Playhouse Club is located at 211 East Avenue D in Killeen; and that Michael Burke was on that date acting as manager of the Playhouse Club. There is some evidence that Suk Chu Hitchcock and Michael Burke were violating the zoning ordinances in question. However, there is no evidence that defendant, the Game Room, Inc., violated the ordinances. Therefore, the injunction as to that defendant should be dissolved. *Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683 (Tex.1968).

The temporary injunction as to defendants, Suk Chu Hitchcock and Michael Allan Burke, Individually and d/b/a the Playhouse, is affirmed. The temporary injunction as to defendant, the Game Room, Inc., is dissolved.