The SUPERIOR OIL COMPANY, Plaintiff-Appellee,

v.

The CITY OF PORT ARTHUR, Defendant-Appellant.

No. 82–2396.

United States Court of Appeals, Fifth Circuit.

March 5, 1984.

---

George Wikoff, City Atty., Port Arthur, Tex., Mehaffy, Weber, Keith & Gonsoulin, Robert Q. Keith, Johnson City, Tex., for defendant-appellant.

Foreman & Dyess, Thomas H. Lee, Houston, Tex., Howrey & Simon, John W. Nields, Jr., Washington, D.C., Porter & Clements, Jesse R. Pierce, Patrick F. Timmons, Houston, Tex., for plaintiff-appellee.

Before BROWN, THORNBERRY and TATE, Circuit Judges.

THORNBERRY, Circuit Judge.

This case is a constitutional attack on the City of Port Arthur's annexation of offshore property leased by Superior Oil Company from the State of Texas. The federal district court held that the annexation violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Because a prior state adjudication determined that the annexation did not violate the Constitution, we reverse the judgment of the federal district court.

## I.

In 1979, by sequential annexation ordinances, the City of Port Arthur annexed an area one mile wide extending three marine leagues (about ten and one half miles) into the Gulf of Mexico. All of the annexation ordinances complied with the provisions of Texas' Municipal Annexation Act, Tex.Rev. Civ.Stat.Ann. art. 970a (Vernon 1963). The last of the ordinances, Ordinance No. 79–116, adopted December 10, 1979, annexed the oil and gas property Superior leased from the State of Texas. Port Arthur assessed the property at $59 million and imposed an ad valorem tax on Superior of about $775,000 per year.

The lawsuits in this case began on December 31, 1979 when the State of Texas filed a quo warranto action[1] challenging

---

1. Texas' Quo Warranto Statute provides:

If any person shall usurp, intrude into or unlawfully hold or execute, or is now intruded into, or now unlawfully holds or executes, any office or franchise, or any office in any corporation created by the authority of this State, or any public officer shall have done or suffered any act which by law works a forfeiture of his office, or any association of persons shall act within this State as a corporation without being legally incorporated, or any corporation does or omits any act which amounts to a surrender or a forfeiture of its rights and privileges as such, or exercises

power not conferred by law; or if any railroad company doing business in this State shall charge an extortionate rate for the transportation of any freight or passengers, or refuse to draw or carry the cars of any other railroad company over its lines as required by the laws of this State, the Attorney General, or district or county attorney of the proper county or district, either of his own accord or at the instance of any individual relator, may present a petition to the district court of the proper county, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the

the validity of Port Arthur's annexations. *State v. Texas, ex rel. Bob Armstrong, Commissioner of the General Land Office v. City of Port Arthur, Texas,* Cause No. A–110,231, in the District Court of Jefferson County, Texas, 58th Judicial District. Another quo warranto proceeding was brought on behalf of the Superior Oil Company by the Attorney General of the State on January 21, 1980. *The State of Texas, ex rel. The Superior Oil Company v. City of Port Arthur, Texas,* Cause No. A–110,319, in the District Court of Jefferson County, Texas, 58th Judicial District. In both quo warranto actions, the State claimed that the annexations violated "the laws of the State of Texas, the Constitution of the State of Texas, and the Constitution of the United States." The two suits were consolidated on January 23, 1980. Presiding Judge Jack Brookshire granted summary judgment to Port Arthur on February 26, 1980. The plaintiff failed to perfect its appeal in the time allowed, and the judgment became final.

On June 30, 1980, Superior filed suit in the federal district court for the Eastern District of Texas. Two weeks later, on July 15, 1980, Superior filed a state suit in Cause No. D–111,325 in the District Court of Jefferson County, 136th District Court. In both the federal and the state suit, Superior claimed that because the annexation resulted in the taxation of Superior's property with no corresponding municipal benefits, the annexation constituted a deprivation of Superior's property without due process of law in violation of the Fourteenth Amendment to the U.S. Constitution.

On May 1, 1981, the state district court granted summary judgment to the City. The Texas Court of Appeals affirmed the state court's judgment on December 22, 1981 on the ground that constitutional challenges to annexations present nonjusticiable political questions. *Superior Oil Co. v. City of Port Arthur,* 628 S.W.2d 94 (Tex.Civ. App.—Beaumont 1981).

Meanwhile, in the federal case, a trial was held. The federal district court issued a Memorandum Opinion and Order on February 17, 1982. 535 F.Supp. 916 (E.D.Tex. 1982). In that opinion, the court made factual findings, ruled that the Tax Injunction Act, 28 U.S.C. § 1341, was inapplicable, and stayed the federal suit pending ·the state appeal.

The Texas Supreme Court refused Superior's application for writ of error on April 7, 1982. Then on September 22, 1982, the federal district court decided in favor of Superior. The district court held that the state court opinions had no res judicata or direct estoppel effect in the federal suit; that Superior's claim was justiciable in federal court; and that the City's annexation of Superior's property was a deprivation of property in violation of the Due Process Clause of the Fourteenth Amendment. September 22, 1982 Amended Memorandum Opinion, 553 F.Supp. 511.

Four days after the federal district court rendered its opinion, the United States Supreme Court dismissed Superior's appeal of the state Court of Appeals decision for want of a substantial federal question. 459 U.S. 802, 103 S.Ct. 25, 74 L.Ed.2d 40, *reh'g denied,* 459 U.S. 1060, 103 S.Ct. 481, 74 L.Ed.2d 626 (1982). The City then requested the federal district court to alter its judgment based on the Supreme Court's ruling. The federal district court denied this motion on November 17, 1982.

## II.

In this court, the City appeals three issues: (1) whether res judicata bars the re-

name of the State of Texas. If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue.

Tex.Rev.Civ.Stat.Ann. art. 6253 (Vernon 1970).
Quo warranto suits are those through which the state acts to protect itself and the good of the public generally. *Fuller Springs v. State ex*

*rel. City of Lufkin,* 513 S.W.2d 17 (Tex.1974). An ancient prerogative writ in the nature of a writ of right for the king against one who claims an office, franchise or liberty, quo warranto suits inquire by what authority the claimant supports his claim. *State ex rel. City of Colleyville v. City of Hurst,* 519 S.W.2d 698 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r. e.).

lief granted by the federal district court; (2) whether the Tax Injunction Act bars relief; and (3) whether the facts of this case present a federally justiciable controversy. Because we hold that res judicata bars the relief granted by the federal district court, we need not address the other two issues.

The City argues that three prior adjudications preclude relief: (1) the quo warranto judgment; (2) the decision in the state suit instigated by Superior; and (3) the U.S. Supreme Court dismissal for want of a substantial federal question. Because we are of the opinion that the first adjudication in this case—the quo warranto summary judgment—bars the relief granted, we do not decide whether the later adjudications might also bar relief.

### A.

The threshold question here is whether this court should apply state or federal rules of res judicata to determine the preclusive effect of the quo warranto judgment. Federal statutory law explicitly answers this question. The Full Faith and Credit Act, 28 U.S.C. § 1738,[2] "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). According to *Kremer*,

> It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the state from which the judgment is taken.

102 S.Ct. at 1897.

This court has followed *Kremer* in *Folsom Investment Co. v. Moore*, 681 F.2d 1032, 1035 (5th Cir.1982) and *Coastal States*

*Marketing v. Hunt,* 694 F.2d 1358, 1373 (5th Cir.1983). Applying the *Kremer* rule to the instant case, we must determine whether Texas law would give preclusive effect to the quo warranto judgment here.

### B.

■ The rule in Texas is that a judgment in favor of or against a municipal corporation, county, or state on a matter affecting the public interest binds all citizens and taxpayers even though they were not made parties to the suit. *Hitchcock v. City of Killeen,* 553 S.W.2d 22 (Tex.Civ.App.—Eastland 1977, no writ); *Cochran County v. Boyd,* 26 S.W.2d 364 (Tex.Civ.App.—Amarillo 1930, writ ref'd). The reason for the rule was stated in *Cochran County v. Boyd:*

> If this were not so, each citizen, and perhaps each citizen of each generation of citizens, would be at liberty to commence an action and to litigate the question for himself. * * * If a judgment against the county in its corporate capacity does not bind the taxpayers composing the county, then it would be difficult to imagine what efficacy could be given to such judgment.

26 S.W.2d at 366.

■ The clearest indication that this rule applies to the instant case is that a Texas judge asserted it as another ground for affirmance of the second summary judgment in this case. *Superior Oil Co. v. City of Port Arthur,* 628 S.W.2d 94, 99 (Tex.Civ. App.—Beaumont 1981) (Keith, J., concurring). As primary authority for his conclusion, Justice Keith cited *Williams v. White,* 223 S.W.2d 278, 283 (Tex.Civ.App.—San Antonio 1949, writ ref'd), a case involving a prior quo warranto suit. In *Williams,* the plaintiff brought suit seeking to restrain the county tax collector from collecting taxes for the benefit of the Southwest Texas Joint County Junior College District. The *Williams* court held that Williams was bound by an earlier quo warranto judgment. The earlier judgment had deter-

---

**2.** Section 1738 provides that state "judicial proceedings ... shall have the same full faith and credit in every court within the United States

... as they have by law or usage in the courts of [the] State ... from which they are taken." 28 U.S.C. § 1738.

mined that the college district was validly created and that the district had authority to collect taxes. Since the same issues were involved in Williams' suit, and since the earlier quo warranto action was a suit affecting the public interest, Williams as a taxpayer was bound. *Id.* at 283.

In the instant case, as in *Williams,* a taxpayer has sought to relitigate an issue of public interest previously litigated in a quo warranto suit. Superior, a taxpayer of Port Arthur, sought to relitigate the issue of whether Port Arthur's annexation violated the Constitution of the United States. Since annexation is a singularly public issue dedicated in fact to the legislature rather than the courts of Texas (*see Superior,* 628 S.W.2d at 97), Superior is bound by the earlier quo warranto judgment that Port Arthur has not violated the Constitution.

### III.

Because we conclude that a prior state judgment barred the relief granted in this case by the federal district court, we reverse the federal district court's judgment. REVERSED.